UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

WILSON GABRIEL,

Petitioner,

v.

CHRISTOPHER LAROSE, *et al.*,

Respondents.

Case No.: 26-cv-06059-JO-AHG

**ORDER GRANTING THE PETITION FOR WRIT OF HABEAS CORPUS [DKT. 1]**

For the reasons stated at Dkt. 6, the Court GRANTS the habeas petition [Dkt. 1] and ORDERS as follows:

1. By 5 p.m. on November 6, 2026, Respondents SHALL release Petitioner from custody on the same conditions as his prior grant of humanitarian parole. Respondents SHALL file an affidavit attesting to Petitioner's release by 5 p.m. on the following business day.
2. Respondents SHALL NOT re-detain Petitioner during the pendency of his removal proceedings (until a final order of removal is issued) absent an individualized determination and written notice that (1) changed circumstances render him a security risk or risk of absconding; (2) the purposes of his parole have been served; or (3) humanitarian reasons and the public benefit no longer warrant his presence in the United States. *See* 8 U.S.C. § 1182(d)(5)(A); 8 C.F.R. § 212.5(e).
3. Respondents SHALL file advance notice on this docket if they seek to re-detain

Petitioner during the pendency of his removal proceedings, explaining the grounds on which Respondents believe Petitioner should be re-detained. *See* 8 C.F.R. § 212.5(e)(2)(i) (stating that parole "shall be terminated upon written notice to the alien"); *see, e.g., Noori v. LaRose*, 807 F. Supp. 3d 1146, 1164–66 (S.D. Cal. 2025) (requiring written notice of parole revocation, the reasons for revocation, and an opportunity to contest the determination before termination); *Lazard v. Divver*, No. 26-CV-1778 JLS (JLB), 2026 WL 948400, at *5 (S.D. Cal. Apr. 8, 2026) (ordering that, before any re-detention, petitioner receive notice of the reasons for parole revocation and a hearing before a neutral decisionmaker to determine whether detention is warranted). *See also United States v. New York Tel. Co.*, 434 U.S. 159, 172 (1977) (recognizing that the All Writs Act empowers federal courts to impose affirmative obligations on parties or third parties where "necessary or appropriate to effectuate and prevent the frustration of orders it has previously issued in its exercise of jurisdiction otherwise obtained"). Once that notice has been docketed, Petitioner SHALL NOT be detained **for at least 48 hours** from the time of docketing.

4. Respondents shall file a declaration attesting to full compliance with these obligations. Respondents are ENJOINED from redetaining Petitioner **until 48 hours after** filing the declaration.
5. The November 19, 2026, hearing is VACATED.
6. The Clerk of the Court is directed to close the case.

**IT IS SO ORDERED.**

Dated: November 5, 2026

Honorable Jinsook Ohta
United States District Judge